UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Andre Verlin Anderson, | Case No. 17-cv-4480 (WMW/FLN) |
| Petitioner, | |
| v. | **ORDER REJECTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| Vicki Janssen, Warden, | |
| Respondent. | |

---

This matter is before the Court on the August 9, 2018 Report and Recommendation (R&R) of United States Magistrate Judge Franklin L. Noel. (Dkt. 59.) The R&R recommends granting Petitioner Andre Verlin Anderson's petition for a writ of habeas corpus and vacating Anderson's Minnesota state court convictions. Respondent Warden Vicki Janssen filed timely objections to the R&R, and Anderson responded to those objections. For the reasons addressed below, the R&R is rejected and Anderson's petition for a writ of habeas corpus is denied.

## BACKGROUND[1]

On the night of August 19, 2014, near the side of Hicken Road in Rice Lake Township, located just outside of Duluth, Minnesota, C.J. was stabbed. Immediately before he was stabbed, C.J. had been driving Steve Hager and a man who C.J. did not know

---

[1] A detailed summary of the relevant factual background is included in the R&R, which quotes directly from the opinion of the Minnesota Court of Appeals in Anderson's direct appeal of his state court conviction. *See State v. Anderson*, Nos. A16-0565 and A16-0880, 2017 WL 1157882, at *1-2 (Minn. Ct. App. Mar. 27, 2017). These facts need not be repeated at length.

to a location to pick up drugs. During their trip, Hager sat next to C.J. and the other man sat in the back seat. C.J. later described the back-seat passenger as having a "scruffy" beard and wearing a black sweatshirt with the hood up.

At some point during the trip, the back-seat passenger directed C.J. to stop on the side of the road where the three men left the truck to look for a cigarette pack containing drugs. While C.J. searched for the drugs, the back-seat passenger stabbed C.J. multiple times. Hager fled with the assailant in C.J.'s truck, leaving C.J. behind.

The following day, an investigator visited C.J. as he recovered in the hospital and showed C.J. an array of photographs. The array included a 2011 booking photograph of Anderson, in which he was clean-shaven and had short hair. C.J. could not identify his assailant in this array. Two days later, police showed C.J. a second array that included a more recent booking photograph of Anderson with a beard and moderately longer hair. C.J. identified Anderson as his assailant. Anderson was the only person whose photograph appeared in both arrays.

Anderson's case proceeded to trial, at the conclusion of which a Saint Louis County District Court jury found Anderson guilty of aiding and abetting attempted second-degree murder, aiding and abetting first-degree assault, and aiding and abetting theft of a motor vehicle. Anderson appealed on multiple grounds. After analyzing and rejecting Anderson's arguments, the Minnesota Court of Appeals affirmed Anderson's conviction of each offense.

**ANALYSIS**

Respondent objects to the R&R's conclusion that Anderson's habeas petition should be granted. Specifically, Respondent objects to the determination that the procedure used for the photographic identification of Anderson in August 2014 was impermissibly suggestive and that C.J.'s identification was not otherwise reliable under the totality of the circumstances. When a party files and serves specific objections to an R&R, a district court reviews de novo those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).

A district court may grant habeas relief when a state court's decision on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or when the state court's decision is "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The R&R concludes that the Minnesota Court of Appeals's decision is "contrary to, or involved an unreasonable application of, clearly established federal law."

The legal standard for granting habeas relief under Section 2254 is intentionally difficult to meet. *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). To succeed on his habeas claim, Anderson must demonstrate that the Minnesota Court of Appeals's decision is "objectively unreasonable, not merely wrong." *Id.* (quoting *White v. Woodall*, 572 U.S. 415, 419 (2014)). "To satisfy this high bar," Anderson must show that the decision of the Minnesota Court of Appeals is "so lacking in justification that there was an error well

3

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Here, the Court applies the two-prong test articulated by the Supreme Court of the United States in *Simmons v. United States*, 390 U.S. 377 (1968), and *Neil v. Biggers*, 409 U.S. 188 (1972). First, the Court considers whether "the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons*, 390 U.S. at 384. If so, the Court then considers whether the "totality of the circumstances" renders the witness's identification reliable, even though the confrontation procedure was suggestive. *Biggers*, 409 U.S. at 199.

The Minnesota Court of Appeals applied this test in Anderson's direct appeal and concluded that the photographic identification procedure used to identify Anderson was not impermissibly suggestive. *State v. Anderson*, Nos. A16-0565, A16-0880, 2017 WL 1157882, at *4 (Minn. Ct. App. Mar. 27, 2017). The court determined that the two photographs of Anderson, one in the first array and the other in the second, are "so distinctively different" that including a photo of Anderson in both photo arrays, without doing the same with any other person, "was not unduly suggestive."[2] *Id.* The Minnesota Court of Appeals also rejected Anderson's argument that differences in the cropping of the photographs in the second array rendered the array "unnecessarily suggestive," concluding that "the photos used were of reasonably similar individuals." *Id.* Finally, although the

---

[2] The Supreme Court has referred to "impermissibly," "unduly," and "unnecessarily" suggestive circumstances interchangeably. *See Perry v. New Hampshire*, 565 U.S. 228, 254 n.3 (2012) (Sotomayor, J., dissenting) (citing cases).

4

Minnesota Court of Appeals acknowledged that a double-blind procedure for out-of-court photo identifications is "preferred," the court concluded that "nothing in the record reflects that the officer showing the photos attempted to influence" C.J. *Id.*

The conclusions of the Minnesota Court of Appeals are not "objectively unreasonable." *Woods*, 135 S. Ct. at 1376 (internal quotation marks omitted). Although a photograph of Anderson appears in both arrays that were shown to C.J., and C.J. viewed both arrays within a relatively short period of time (two days), Anderson's appearance is noticeably different in each photograph. In the first photograph Anderson is clean-shaven with short hair, whereas in the second photograph he has a beard and longer hair. And, although the photograph of Anderson in the second array is more closely cropped than the other photos in the array, the cropping among the other five photos is not identical. Further, each array features similar-looking white males. *See United States v. Whitewater*, 879 F.3d 289, 292 (8th Cir. 2018) (stating that a photo lineup is not impermissibly suggestive "[w]hen there are no differences in appearance tending to isolate the accused's photograph" (internal quotation marks omitted)). Finally, nothing in the record suggests that, when looking at either array, C.J. was pressured or influenced to make a particular identification or any identification at all.[3]

---

[3] Because the Minnesota Court of Appeals concluded that the photographic identification procedure used in this case was not impermissibly suggestive, it did not proceed to analyze the second prong of the *Simmons/Biggers* test and consider whether C.J.'s identification was reliable under the totality of the circumstances. Because this Court concludes that the holding of the Minnesota Court of Appeals on the first prong is not objectively unreasonable, this Court's analysis also does not proceed to the second prong.

The R&R disagreed with the Minnesota Court of Appeals's conclusions. But "mere disagreement" does not warrant granting habeas relief. *Long v. Humphrey*, 184 F.3d 758, 761 (8th Cir. 1999) (quoting *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 890 (3d Cir. 1999)). Because Anderson has not demonstrated that the Minnesota Court of Appeals applied United States Supreme Court precedent in an "objectively unreasonable" manner, the R&R is rejected. Anderson's petition for a writ of habeas corpus is denied.[4]

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Respondent Warden Vicki Janssen's objections to the August 9, 2018 R&R, (Dkt. 60), are **SUSTAINED**.

2. The August 9, 2018 R&R, (Dkt. 59), is **REJECTED**.

3. Petitioner Andre Verlin Anderson's petition for a writ of habeas corpus, (Dkt. 1), is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 21, 2019               s/Wilhelmina M. Wright
                                       Wilhelmina M. Wright
                                       United States District Judge

---

[4] Respondent's sole objection pertains to the R&R's conclusion that the photographic identification procedure used to identify Anderson was impermissibly suggestive such that Anderson's habeas petition should be granted. The Court reviews for clear error the portions of the R&R to which no objection is made. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having reviewed those portions of the R&R, the Court finds no clear error.